IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCISCO A. DE LA CRUZ | ) | CASE NO.  4:10CV0725 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE   CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Francisco De La Cruz ("De La Cruz"), incarcerated at the Federal

Correctional Institution, Elkton, Ohio, brought this Petition for Writ of Habeas Corpus under 28

U.S.C. § 2241. On January 12, 2001, he pled guilty in the United States District Court for the

Eastern District of Pennsylvania to Possession With Intent to Distribute Crack Cocaine in violation

of 21 U.S.C. § 841(a)(1) and Carrying a Firearm in violation of 18 U.S.C. § 924(c)(1).  He was

sentenced to a statutory mandatory minimum sentence of 10 years imprisonment on the firearm

violation and

the statutory mandatory minimum sentence of 5 years imprisonment on the drug violation to run

consecutively. Plaintiff filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

U.S.C. § 2255 which was denied by the District Court on June 6, 2002.  He also filed a Motion for

Reduction of Sentence under 18 U.S.C. § 3582(c)(2) which also was denied. Having been

unsuccessful with his previous Motions, he now files this Petition.

De La Cruz asserts that the District Court erred by imposing a five year mandatory minimum

consecutive sentence under § 924 (c) even though a greater minimum was provided for the

predicated drug offense.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposed sentence, rather than the court that happened to have jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Still, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v.*

*Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

De La Cruz asserts that he may bring this § 2241 Petition because the Sixth Circuit has held in *United States v. Almany*, 538 F.3d 238, 241-42 (6th Cir. 2010), that defendant's consecutive sentencing to both a five-year mandatory minimum sentence for possession of a firearm in furtherance of a drug trafficking crime and a ten-year mandatory minimum sentence for a cocaine offense was prohibited, under the firearm statute's exemption from mandatory minimum for a defendant sentenced to another greater mandatory minimum sentence. However, the savings clause is not applicable unless there is an intervening change in the law that establishes innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). De la Cruz has not claimed actual innocence. He only argues that his sentence was unlawful. *See Oguaju v. Eichenlaub*, 2008 WL 2998147, * 2 (E.D. Mich., Aug 1, 2008) (to date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's saving's clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion

3

to vacate sentence).

De La Cruz is challenging the imposition of his sentence, not the execution or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d at 893-94). He has not shown that his unsuccessful § 2255 Motion was inadequate or ineffective in a manner entitling him to file under § 2241.

Accordingly, De La Cruz's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed. *See* 28 U.S.C. § 2243.[1]  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

Date:  May 27, 2010                                    **S/Christopher A. Boyko**
                                                      JUDGE CHRISTOPHER A. BOYKO
                                                      UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.

4